(No. 83-CV-0959▮▮▮▮▮▮▮▮▮▮

*In re* APPLICATION OF RICHARD G. HUTCHINS.

*Opinion filed July 9, 1984.*

RICHARD G. HUTCHINS, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (FAITH S. SALSBURG, Assistant Attorney General, of counsel), for Respondent.

Poch, J.

This claim arises out of an incident that occurred on July 4, 1982. Richard G. Hutchins, father of Eric Hutchins, Claimant, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on April 15, 1983, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant, Richard G. Hutchins, father of the minor victim, Eric Hutchins, age 2, was a victim of a violent crime, as defined in section 2(c) of the Act, to wit: reckless conduct. Ill. Rev. Stat. 1979, ch. 38, par. 12—5.

2. That on July 4, 1982, the victim was shot during a random shooting incident. The incident had taken place in the middle of the State Street Bridge, Rockford, Illinois. The victim and his family were watching the fireworks display, when the victim was struck by a stray bullet. The victim was taken to Swedish American Hospital where he was treated and released. The offender in this case was never apprehended.

3. That the Claimant seeks compensation for hospital expenses only.

4. That section 2(h) of the Act states that loss of earnings shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or on $750.00 per month, whichever is less.

5. That the Claimant was not employed for the six months immediately preceding the date of the incident out of which this claim arose and therefore suffered no loss of earnings compensable under the Act.

6. That the Claimant incurred medical/hospital

expenses in the amount of $7,118.12, $6,618.12 of which was paid by insurance, leaving a balance of $500.00.

7. That the Claimant has complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

8. That pursuant to section 10.1(e) of the Act, this Court must deduct $200.00 from all claims (except in the case of an applicant 65 years of age or older), and the amount of benefits, payments or awards payable under the Workers' Compensation Act, Dram Shop Act, Federal Medicare, State public aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal Social Security payments payable to dependents of the victim and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance that would inure to the benefit of the applicant.

9. That the Claimant has received no reimbursements that can be counted as applicable deductions.

10. That the Claimant is entitled to an award based on the following:

| | |
|---|---|
| Net medical expenses | $500.00 |
| Less $200.00 Deductible | − 200.00 |
| Total | $300.00 |

It is hereby ordered that the sum of $300.00 (three hundred dollars) be and is hereby awarded to Richard G. Hutchins, father of Eric Hutchins, an innocent victim of a violent crime.